OPINION OF THE COURT
Robert L. Estes, J.
The four savings bonds which are the subject of the petition made herein by Andrew Gray, Jr., dated December 22, 1982 are held in the following names, respectively: “Andrew Gray, Jr. and/or Mrs. Bertha B. Gray”; “Andrew Gray Jr. or Mrs. Bertha B Gray”; “Mr. Andrew Gray, Jr, or Mr. Andrew Gray, Sr,” and “Mr. Andrew Gray Jr. or Mr. Andrew Gray Sr.” Andrew Gray, Sr., and Bertha B. Gray are both deceased. Andrew Gray, Jr., seeks an order determining him to be the sole owner of each of the bonds by right of survivorship.
Ownership of United States savings bonds is determined by Federal regulation. (Free v Bland, 369 US 663.)
The controlling regulations are found in 31 CFR part 315, subpart L. Section 315.70 (b) (1) indicates clearly that if one of the co-owners named on a bond has died, the surviving co-owner will be recognized as its sole and absolute owner.
Not unmindful of the holding in Gaylord v Gaylord (271 App Div 1045), it is. apparent that Federal law has preempted State law distinctions which might be applied to series E bonds, and that pursuant to the regulations, each of the bonds involved in this case are considered to be held in the names of co-owners.
*167 Upon the death of his respective co-owner of these bonds, Andrew Gray, Jr., became the sole and absolute owner.
It should be noted that upon the return day of this petition, the executrix of the estate of Andrew Gray, Sr., determined not to consent to this finding of the court although urged to do so by her attorney, and the court in reaching this decision has done so after deeming the executrix to have objected to the relief requested in the petition.